Marshal L. Mickelson/Robert M. Carlson
CORETTE BLACK CARLSON & MICKELSON
129 West Park Street
P.O. Box 509
Butte, MT  59703
PH    :  406-782-5800
FAX  :  406-723-8919
mmick@cpklawmt.com
bcarlson@cpklawmt.com

Richard D. Hoffman (Admitted *Pro Hac Vice*)
Michelle N. Khoury (Admitted *Pro Hac Vice*)
DUANE MORRIS LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
PH:   415-957-3000
FAX: 415-957-3001
rhoffman@duanemorris.com
mkhoury@duanemorris.com

Attorneys for Defendant Aspen American Insurance Company

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA BILLINGS DIVISION

| | | |
|---|---|---|
| HANOVER INSURANCE GROUP, d/b/a HANOVER INSURANCE COMPANY, | * * * | No. 1:20-CV-00056-SPW-TJC |
| Plaintiffs, v. | * * * * | **ANSWER OF ASPEN AMERICAN INSURANCE COMPANY TO CROSSCLAIM OF HENDRICKSON LAW FIRM, P.C. AND KEVIN SWEENEY** |
| ASPEN AMERICAN INSURANCE COMPANY; HENDRICKSON LAW FIRM, P.C., KEVIN SWEENEY ; and TGC, L.P., a limited partnership | * * * * | |
| Defendant. | | |

Defendant Aspen American Insurance Company ("Aspen") hereby answers the Crossclaim of Hendrickson Law Firm, P.C. and Kevin Sweeney ("Hendrickson") filed in the United States District Court for the District of Montana, Case Number 1:20-cv-00056-SPW-TJC, (Doc 29), as follows:

1. Aspen denies that a claim was first made and reported during the policy period as required by the Policy.

2. Aspen denies the allegations of Paragraph "B" of Hendrickson's Crossclaim.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

3. Hendrickson's Crossclaim fails to state facts sufficient to constitute a claim for relief against Aspen or a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Policy Terms, Definitions, Exclusions, Conditions and Limitations)

4. Hendrickson's claims are barred or limited, in whole or in part, by the insuring provisions, definitions, exclusions, conditions, limitations, and other terms contained in the Aspen Policies. Aspen asserts that the rights and obligations of any party seeking coverage under the Aspen Policies are defined and controlled by the limits of liability, terms, exclusions, conditions, and other provisions of the

Aspen Policies. The terms, exclusions, conditions, and other provisions of the Aspen Policies are incorporated by reference herein.

### THIRD AFFIRMATIVE DEFENSE

### (Not Within Scope of Insuring Agreement)

5. Hendrickson's claims are barred or limited, in whole or in part, because the TGC claim does not fall within the scope of any Insuring Agreement of the Aspen Policies or any definitions incorporated therein.

### FOURTH AFFIRMATIVE DEFENSE

### (Prior Knowledge)

6. Aspen's liability is barred or limited, in whole or in part, because of Hendrickson's prior knowledge of the acts or omissions forming the basis of the TGC claim, pursuant to the Insuring Agreement which conditions coverage on no insured having a basis to believe that any act or omission might reasonably be expected to be the basis of a claim prior to the inception date of the first policy issued and continuously renewed by Aspen.

### FIFTH AFFIRMATIVE DEFENSE

### (Concealment or Misrepresentation on Policy Application)

7. Aspen's liability is barred or limited, in whole or in part, to the extent any insured under the Aspen Policies negligently or intentionally made a material misrepresentation or omission on its application for the Aspen Policies.

## SIXTH AFFIRMATIVE DEFENSE

### (Claims Made and Reported Policy)

8. Aspen's liability is barred or limited, in whole or in part, to the extent that the TGC claim was not first made against the insured and reported in writing to Aspen during the same policy period.

## SEVENTH AFFIRMATIVE DEFENSE

### (Other Insurance Clause)

9. Aspen's liability is barred or limited, in whole or in part, to the extent Hendrickson has insurance coverage for the TGC claim pursuant to the Aspen Policies' Other Insurance clause, which provides, in part: "The insurance provided for in this policy shall be excess over all other valid and collectible insurance, whether such insurance is stated to be primary, contributory, excess, umbrella, contingent, or otherwise."

## EIGHTH AFFIRMATIVE DEFENSE

### (Policy Exclusions)

10. Aspen's liability may be barred or limited, in whole or in part, by one or more exclusions contained or incorporated in the Aspen Policies.

### NINTH AFFIRMATIVE DEFENSE

### (Voluntary Payments or Assumption of Liability)

11. Aspen has no liability for any amounts or for any liability assumed by Hendrickson voluntarily.

### TENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Policy Obligations)

12. Hendrickson's claims against Aspen are barred or limited, in whole or in part, to the extent Hendrickson failed to perform policy obligations under the Aspen Policies.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Assist and Cooperate)

13. Hendrickson's claims against Aspen are barred or limited, in whole or in part, to the extent Hendrickson failed to assist and cooperate with and/or seek the consent of Aspen as required under the Aspen Policies or as implied or required by law.

### TWELFTH AFFIRMATIVE DEFENSE

### (Unreasonable or Unnecessary Costs)

14. Aspen has no liability for unreasonable or unnecessary costs and amounts incurred by Hendrickson.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

15. Aspen's liability, if any, must be limited or reduced to the extent that Hendrickson fails or has failed to mitigate, minimize, or avoid any harm or damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Limits)

16. Aspen's liability, if any, is limited by the applicable limits under the Aspen Policies.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Deductible)

17. Aspen's liability, if any, is limited by the applicable Deductible under the Aspen Policies, which must be paid by Hendrickson before Aspen has any obligation to make any payments.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Contribution, Set-off, Indemnification, Apportionment)

18. Aspen's liability, if any, may be barred or limited, in whole or in part, by rights of contribution, set-off, indemnification, apportionment or other relief that Aspen may have against other parties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Actual Controversy/Not Ripe/Prematurity)

19. Hendrickson's claims against Aspen are barred or limited to the extent the Crossclaim does not involve a justiciable controversy upon which declaratory judgment may be rendered, seeks an advisory opinion, is premature, and/or is not ripe for adjudication.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

20. Hendrickson's claims against Aspen may be barred or limited, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

21. To the extent any claims against Aspen may be barred or limited, in whole or in part, by applicable statute of limitations, there could be no recovery under the Aspen Policies.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Due Process of Law)

22. Any loss by Aspen of coverage defenses, terms, and conditions of the contract, whether legal or factual, would deprive Aspen of due process of law.

## TWENTY FIRST AFFIRMATIVE DEFENSE

### (No Estoppel to Deny Coverage)

23. Aspen responded to Hendrickson's request for coverage in a May 11, 2020 coverage position letter and Aspen is not estopped from denying coverage for indemnity and defense.

## TWENTY SECOND AFFIRMATIVE DEFENSE

### (Procedurally Improper Crossclaim)

24. Hendrickson previously asserted a crossclaim against Aspen to which Aspen answered. Aspen is not aware of any amendment being made to Hendrickson's earlier crossclaim and asserts that the current Crossclaim without amendment is procedurally improper.

## TWENTY THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights)

25. Aspen denies all allegations not specifically admitted herein and specifically reserves its rights to amend its Answer and affirmative defenses as may be determined by further investigation and discovery.

## PRAYER

**WHEREFORE**, Aspen prays that judgment be entered against Hendrickson as follows:

1. Dismissing with prejudice Hendrickson's Crossclaim against Aspen in its entirety and adjudicating that Hendrickson is owed nothing from Aspen;

2. Entering judgment declaring that Hendrickson does not have a valid cause of action against Aspen; and

3. Awarding Aspen costs, attorneys' fees, and such other and further relief as the Court deems just and proper.

DATED this 1st day of October, 2020.

/s/ Marshal L. Mickelson
Corette Black Carlson & Mickelson
Attorneys for Aspen American
Insurance Company

/s/ Richard D. Hoffman
Duane Morris LLP
Attorneys for Aspen American
Insurance Company
